UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, CONN, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class THOMAS E. BALLOU
 United States Army, Appellant

 ARMY 20080485

 Headquarters, Multi-National Corps -- Iraq
 Timothy Grammel, Military Judge
 Colonel Thomas E. Ayres, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA, USAR; Major
Grace M. Gallagher, JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA.

 22 December 2008

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a general court-marital convicted
appellant, pursuant to his pleas, of violation of a general order and
possession of child pornography, in violation of Uniform Code of Military
Justice [hereinafter UCMJ] Articles 92 and 134; 10 U.S.C. §§ 892, 934
(2008). The military judge sentenced appellant to a bad conduct discharge,
confinement for one year, forfeiture of all pay and allowances, and
reduction to Private E1. The convening authority approved the adjudged
sentence. This case is before the court for review pursuant to Article 66,
UCMJ.

 During appellant’s providence inquiry, appellant told the military
judge that he did not believe that his conduct was prejudicial to good
order and discipline. Based upon this, the military judge found that
appellant was not provident to this portion of the specification, and posed
two options to the counsel. Following a brief recess, trial counsel and
trial defense counsel agreed that appellant would plead guilty to the
specification, as amended. Consequently, the Specification of Charge I was
amended on the record:

 TC: Your Honor, at this point, the government would be amenable
 to amending The Specification such that rather than stating
 “such conduct being prejudicial to good order and discipline in
 the Armed Forces and of being of a nature to bring discredit
 upon the Armed Forces.” It would read “such conduct being
 prejudicial to good order and discipline in the Armed Forces or
 being of a nature to bring discredit upon the Armed Forces.”

 MJ: Okay. So you want to amend it by changing “forces and
 being” to “forces or being”. Is that correct?

 TC: That’s correct, Your Honor.

 MJ: Defense Counsel, any objection to that?

 DC: No, Your Honor.

 MJ: That amendment is permitted and The Specification of Charge
 I is amended by replacing the word “and: which falls between the
 words “forces” and the word “being” with the word “or”.

Appellant then resubmitted his pleas of guilty to the charges and
specifications, as amended. However, upon review this court noted that
though it was clear from the record to which portion of the conjunctive
specification appellate plead guilty, it was not clear from the wording of
the amended specification which portion the military judge accepted.
Consequently, we find it necessary to amend the Specification of Charge I
to reflect what was actually plead to by appellant and accepted by the
military judge. We will do so in our decretal paragraph.

 On consideration of the entire record, including consideration of the
issues personally specified by the appellant, the court affirms only so
much of the finding of guilty for the Specification of the Charge I as
finds that appellant did, at or near Camp Taji, Iraq, on or about 21
November 2007, wrongfully and knowingly possess images of child
pornography, such conduct being of a nature to bring discredit upon the
armed forces, in violation of Article 134, UCMJ. The remaining findings of
guilty are affirmed. The sentence as approved by the convening authority
is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court